# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

MATTHEW J. McGUINNESS, )
Register No. 1051477, )
　)
　　　　Plaintiff, )
　)
　　v. ) No. 08-4162-CV-C-SOW
　)
MISSOURI DEPARTMENT OF )
CORRECTIONS, et al., )
　)
　　　　Defendants. )

## REPORT, RECOMMENDATION AND ORDER

　　Plaintiff Matthew J. McGuinness, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

　　Before the court are the motions of defendants arguing plaintiff has failed to exhaust his administrative remedies on his claims, as required by 42 U.S.C. § 1997e, and that his allegations fail to state a claim on which relief may be granted under 42 U.S.C. § 1983. Plaintiff has filed suggestions in opposition.

　　Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id. Pursuant to the March 11, 2005, Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the grievance process, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(12) (March 11, 2005).

In the instant case, plaintiff's allegation that he initially filed an IRR but did not receive a response to the IRR because his caseworker "abandoned it," is not sufficient to allow plaintiff to proceed with filing a federal lawsuit prior to exhaustion. The court takes judicial notice that Missouri Department of Corrections (MDOC) has a procedure manual which states that the "[e]xpiration of the response time limit at any stage of the process shall allow the grievance to move to the next stage of the process by notifying the grievance officer." MDOC Dept. Manual D5-3.2, Offender Grievance (March 11, 2005), Nos. III (K)(9), and (L)(18). Plaintiff had the opportunity, pursuant to the prison grievance procedure manual, to continue with his claims to the point of administrative exhaustion.

Therefore, because plaintiff failed to exhaust administrative remedies as to his claims prior to the filing of this federal lawsuit, his claims should be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e.

Plaintiff is advised that if he refiles this suit after exhausting his administrative remedies, he will be required to pay the full filing fee. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

In light of this recommendation, the alternative argument of defendant Correctional Medical Services for dismissal based on failure to state a claim will not be addressed. If this

2

recommendation is not adopted by Judge Wright, consideration will be given to the argument of failure to state a claim.

Additionally, there is no basis for granting plaintiff's motion for appointment of counsel. Further, plaintiff's motion of December 4, 2008, to stay this case until January 2009 is moot.

IT IS, THEREFORE, ORDERED that plaintiff's motion to stay proceedings in this case until January 2009 is moot. [34] It is further

ORDERED that plaintiff's motion seeking appointment of counsel is denied, without prejudice. [28] It is further

RECOMMENDED that defendants' motions seeking dismissal of plaintiff's claims for failure to exhaust administrative remedies be granted and plaintiff's claims be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e. [9, 30, 33] It is further

RECOMMENDED that the motion of defendant Correctional Medical Services to dismiss for failure to state a claim be denied, without prejudice. [11]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 26th day of January, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3